[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10931

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GARNELL DEWITT QUARTERMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cr-00064-WTM-CLR-1

_____

Before Lagoa, Brasher, and Marcus, Circuit Judges.

PER CURIAM:

Garnell Dewitt Quarterman appeals his 235-month sentence following his conviction for one count of conspiracy to interfere with commerce by robbery. On appeal, Quarterman argues that his sentence is unreasonable because it is disparate in comparison to his co-defendant's sentence and because it is at the high end of the guideline range. After thorough review, we affirm.

I.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotations omitted). That said, we only review for plain error a sentencing challenge raised for the first time on appeal. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

To preserve an issue for appeal, a defendant "must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will

22-10931                Opinion of the Court                3

later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quotations omitted). A defendant preserves the issue of the substantive reasonableness of his sentence for review by advocating for a less severe sentence. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

In reviewing sentences for reasonableness, we perform two steps. *Pugh*, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1] The district court is not required to state on the record that it has explicitly considered each of the 18 U.S.C. § 3553(a) factors if the record reflects the district court's consideration of the § 3553(a) factors. *United States v.*

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

*Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020).  So, an acknowledgment by the district court that it considered the § 3553(a) factors is sufficient.  *Turner*, 474 F.3d at 1281.  Further, a failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).  "[T]he adequacy of a district court's findings and sentence explanation is a classic procedural issue, not a substantive one."  *United States v. Irey*, 612 F.3d 1160, 1194 (11th Cir. 2010) (*en banc*).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances."  *Pugh*, 515 F.3d at 1190 (quotations omitted).  A court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably.  *Irey*, 612 F.3d at 1189.  Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

We have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors.  *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotations omitted).  The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another.  *United States v.*

*Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Sentencing courts are also afforded "broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *United States v. Butler*, 39 F.4th 1349, 1355–56 (11th Cir. 2022).

We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted). We will not substitute our own judgment for that of the sentencing court and will sometimes affirm the district court even if we would have done something differently because the question is whether the district court's decision was "in the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355 (quotations omitted).

A claim of unwarranted sentencing disparities requires that the defendant be similarly situated to the defendants to whom he compares himself. *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). District courts should not draw comparisons to cases involving defendants who were convicted of less serious offenses, pleaded guilty, or who lacked extensive criminal histories. *United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011). In other words, a well-founded claim of unwarranted disparity between sentences "assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotations omitted).

We do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect these sentences to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Quarterman has not shown that his sentence is either procedurally or substantively unreasonable. As the record reveals, Quarterman and his codefendant, Malik Stephens, were charged with several counts arising out of the robberies of businesses near Savannah, Georgia. In the initial indictment, both were charged with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); Stephens was charged in three additional counts; and Quarterman was charged in thirteen additional counts. After Stephens pleaded guilty to the initial indictment, Quarterman was charged in a superseding indictment with twenty-six counts, including conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); four counts of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); twelve counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); eight counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Quarterman later agreed to plead guilty to the conspiracy count of the superseding indictment in exchange for the dismissal

of the other counts, pursuant to a written agreement. After hearing arguments in mitigation from Quarterman and his mother, the district court said that it had considered the testimony, the parties' arguments and the § 3553(a) factors, and emphasized "the egregious conduct involved in the instant offense with the commission of 12 armed robberies [, the victims' testimony about how the robberies have affected them, as well as] the defendant's repeated violent criminal history, the criminal history here in this area and also in Maryland." It then sentenced Quarterman to 235 months' imprisonment, at the high end of the guideline range.

To the extent that Quarterman now raises a procedural reasonableness challenge to the explanation of the sentence, he failed to raise any issue like this before the district court, despite being given the opportunity to do so. Thus, we review his procedural reasonableness challenge for plain error, and can find no error, much less plain error. As we've said, the court was not required to discuss each subpart of 18 U.S.C. § 3553(a) in explaining his sentence. *Kulhman*, 711 F.3d at 1326. Further, the record -- including the undisputed portions of his PSI -- reflects that his history and characteristics, and his actions during the course of the offense conduct, supported the district court's decision, as we'll discuss.

As for Quarterman's challenge to the substantive reasonableness of his 235-month sentence, it was not a result of an unwarranted sentencing disparity. This kind of claim "assumes that apples are being compared to apples," but the record shows that the codefendants here played significantly different roles in the offense

conduct.  While Stephens was charged with four counts in the initial indictment, Quarterman was charged in a superseding indictment with *twenty-six* counts.  Moreover, Stephens pleaded guilty to the initial indictment, rather than the superseding indictment.  Ultimately, Stephens's guideline range was 120 to 150 months imprisonment, while Quarterman's was 188 to 235 months imprisonment, even though Stephens had a higher criminal history score than Quarterman.  On this record, there was no error in treating Stephens and Quarterman differently for sentencing purposes.  *Duperval*, 777 F.3d at 1338.

Nor are we persuaded by Quarterman's argument that the 235-month sentence was otherwise substantively unreasonable.  In sentencing Quarterman at the high end of the guideline range, the district court emphasized his "egregious" conduct and "repeatedly violent criminal history."  The court was permitted to attach weight to these considerations, 18 U.S.C. § 3553(a)(1) -- even great weight, *Butler*, 39 F.4th at 1355 -- and we will not second guess this weight if the sentence is reasonable under the circumstances.  *Id.*  Further, Quarterman has not shown that the district court failed to consider any relevant factors, to give weight to any "improper or irrelevant factor," or to make any "clear error of judgment" in considering the relevant factors.  *Irey*, 612 F.3d at 1189.  Accordingly, Quarterman has not shown the district court's within-guideline sentence was outside "the ballpark of permissible outcomes," *Butler*, 39 F.4th at 1355, and we affirm.

**AFFIRMED.**